10-1357-ag
Han v. US DOJ

BIA
Abrams, IJ
A088 372 173

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand eleven.

PRESENT:
>       JOHN M. WALKER, JR.,
>       PETER W. HALL,
>       DENNY CHIN,
>           *Circuit Judges*.

_____

YINGHUA HAN,
>       *Petitioner*,

>       v.                                        10-1357-ag
>                                                 NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondents*.

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Yinghua Han, a native and citizen of the People's Republic of China, seeks review of a March 17, 2010, order of the BIA affirming the August 14, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, pretermitting her asylum application as untimely and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yinghua Han*, No. A088 372 173 (B.I.A. Mar. 17, 2010), *aff'g* No. A088 372 173 (Immig. Ct. N.Y. City Aug. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

I. Pretermission of Asylum

Contrary to Han's arguments, the agency did not commit legal error in its pretermission of her asylum application as untimely. There is no merit to Han's argument that the agency failed to apply a legal standard, as Han was required to demonstrate "to the satisfaction of the Attorney General" that extraordinary circumstances excused her untimely filing. 8 U.S.C. § 1158(a)(2)(D). Furthermore, the agency considered Han's argument that she feared "revenge" if she applied for asylum, and it was not required to explicitly address the evidence of her son's illness. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (rejecting the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quoting Zhi Yun Gao v. Mukasey, 508 F.3d 86, 87 (2d Cir. 2007)).

Furthermore, Han's arguments that the record demonstrates that she established exceptional circumstances sufficient to excuse her untimely filing, raise neither a constitutional claim nor a question of law. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-31 (2d Cir. 2006). Accordingly, we lack jurisdiction to review these arguments. *See* 8 U.S.C. § 1252(a)(2)(D).

3

II. Withholding of Removal and CAT Relief

The agency reasonably concluded that Han failed to meet her burden of demonstrating past persecution based on her claim that she was physically forced to have an abortion. Han testified that family planning officials came to her home and "dragged" her to the hospital, but in response to the IJ's request for clarification of why she omitted that detail from her asylum application, Han testified that she decided to have an abortion to avoid a fine and to prevent her husband from losing his job. Han also testified that her husband was angry with her for having an abortion. Moreover, as the BIA found, although Han submitted an abortion certificate in support of her claim, a State Department report indicated that abortion certificates are issued to recipients of voluntary abortions. Accordingly, the agency reasonably determined that there was insufficient evidence that the abortion resulted from physical force.

Furthermore, the agency reasonably found that Han failed to establish that the threat of economic harm for refusing the abortion amounted to force. The BIA found that Han presented no evidence indicating "the amount she would be fined, the income they would lose if her husband was fired, or their

4

assets in China for the [IJ] to assess in determining whether the threatened harm would be persecutory . . . ." Because Han did not present evidence regarding her personal financial circumstances in relation to the threatened economic harm, it was reasonable for the BIA to conclude that she did not demonstrate economic persecution. *See Jian Hui Shao*, 546 F.3d at 161-61; *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Accordingly, a reasonable fact-finder would not be compelled to find that Han met her burden of establishing that she was forced to have an abortion, as required to establish past persecution based on an abortion. *See* 8 U.S.C. § 1101(a)(42). We thus affirm the BIA's finding. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000).

Additionally, the agency did not err in finding that Han failed to meet her burden of demonstrating a well-founded fear of future persecution. To the extent Han claims that she has a well-founded fear of persecution because she might have more children, she failed to point to any particular evidence in the record to support her claim that her fear of future persecution was objectively reasonable. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

Accordingly, substantial evidence supports the agency's determination that Han failed to establish past persecution or a well-founded fear of future persecution. The agency thus did not err in denying withholding of removal. 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Because Han was unable to show the objective likelihood of persecution needed to make out a claim for withholding of removal based on her alleged forced abortion, she was necessarily unable to succeed on her claim for CAT relief, which rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk